### Myers Estate

*Alphonso Santangelo*, for petitioner.

TAXIS, P. J., October 5, 1955.—This matter comes before the court on petition for a declaratory judgment on a case stated. The petition alleges that George R. Myers died on August 6, 1941, leaving a will dated March 11, 1927, and another testamentary writing dated July 26, 1941, both of which writings were probated before the register of wills of this county. The will of March 11, 1927, gave the remainder of his estate in five equal shares to two sons and three stepsons. He was survived by two sons, Robert and George Myers, and three stepsons, William, Alfred and Donald Pierce, and by his mother, Susan Steeley, who, having survived him, died on November 18, 1954. The petition as filed was captioned "Estate of Susan Steeley", but more properly should be captioned "Estate of George R. Myers". The caption has been changed by stipulation.

The testamentary writing of July 26, 1941, reads as follows:

"I, George Myers, being of sound mind and body, wish to leave to my Mother, Susan N. Steeley, everything which I possess. After her death is to be equally divided as stated in former Will. Above statement last Will. George R. Myers."

George R. Myers at the time of his death owned a piece of real estate known as 251 East Sixth Avenue, Conshohocken. Under the terms of the testamentary writing of July 26, 1941, his mother claimed the entire fee in said real estate and made improvements over the years in the amount of $1,237.

Susan Steeley by her will dated September 27, 1951, gave the rest, residue and remainder of her estate to George J. Myers absolutely and in fee.

Paragraph 14 of the petition reads:

"If the court shall be of the opinion that the said Susan N. Steeley took an estate in fee simple under said will, then the court is respectfully requested to enter judgment in favor of the plaintiff. If the court shall be of the opinion that the said Susan N. Steeley took a life estate under said will, then the court is respectfully requested to enter judgment in favor of the defendants."

Defendants are Robert Myers, Alfred Pierce, Donald Pierce and three children of William Pierce, deceased. The plaintiff is George J. Myers, claiming Mrs. Steeley took a fee and that he takes a fee by virtue of her will.

This court will assume jurisdiction by way of a declaratory judgment, since it appears that there presently exists an actual controversy or dispute indicating imminent litigation. Moreover, the declaration sought will render practical help in administration and distribution to the persons legally entitled.

The question is one of interpretation and in such interpretation the search for the testator's intention is to be discerned from a reading of the whole will giving effect to all the words used, if possible. In the instant case, I conclude that the will discloses an intention on the part of the testator that remainders originally granted to the named children were to be modified to the extent of a preceding life estate in his mother of "everything which I possess", including the real estate presently in question, and that, "after her death is to be equally divided as stated in former Will".

I am of the opinion that Susan N. Steeley took a life estate under said testamentary writings and pursuant to the stipulation filed enter judgment in favor of defendants.